Case 2:21-cv-00307 Document 7 Filed on 12/27/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLOYD JUNIOR JAYCOX, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00307 |
| TEXAS BOARD OF CRIMINAL JUSTICE DIRECTOR, | § § § § | |
| Defendant. | § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff Floyd Junior Jaycox, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* in this action. (D.E. 2, 3). Plaintiff is currently assigned to the Cotulla Unit in Cotulla, Texas.

In his complaint, Plaintiff complains that the Director for the Texas Department of Criminal Justice[1] has "wrongly-purposely classifi[e]d [Plaintiff] and transferred [him] to [two] different prison units." (D.E. 1, p. 4). Plaintiff alleges that these prison units are unsafe for him as he has been hurt by a violent offender named "Hernandez" at both facilities. (D.E. 1, p. 4; D.E. 1-1, p. 1). Plaintiff identifies the dangerous prison facilities as the Cotulla Unit and the Joe Ney Unit in Hondo, Texas. (D.E. 1-1, pp. 1-2). Plaintiff further identifies the TDCJ Director as Bryan Collier.[2] Plaintiff seeks relief from the TDCJ

---

[1] Plaintiff mis-identifies this TDCJ agency as the "Texas Board of Criminal Justice." (D.E. 1, p. 1).

[2] Bryan Collier is the TDCJ's Executive Director. Plaintiff misspells his name as "Brain Collior." (D.E. 1-1, p. 1).

Director in the form of being placed in protective custody for the remainder of his sentence and being transferred to a "mental health unit for mentally ill inmates." (D.E. 1, p. 4).

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

The events described in Plaintiff's complaint regarding the actions of offender "Hernandez" occurred at both the Cotulla Unit in Cotulla, Texas and the Joe Ney Unit in Hondo, Texas.  The Cotulla Unit is located in La Salle County which is within the Laredo Division of this Court.  The Joe Ney Unit is located in Medina County which is located in the San Antonio Division of the Western District of Texas.  Plaintiff, however, specifically complains about the TDCJ Director's actions as it relates to Plaintiff's custodial classification and housing placement within the TDCJ prison system.  This defendant is located in Huntsville, Texas, which is within the Houston Division of the Southern District of Texas.

The allegations set forth in the complaint have no nexus to the Corpus Christi Division of the Southern District of Texas.  Because Plaintiff primarily complains about the TDCJ Director's decision making and this defendant is employed in Huntsville, Texas,

the interests of justice would be served by a transfer of this case to the Houston Division of the Southern District of Texas.

Accordingly, **IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Houston Division.

ORDERED on December 27, 2021.

Jason B. Libby
United States Magistrate Judge